IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY DWAINE SPIER, <br> TDCJ-CID NO.1137372, <br><br> Petitioner, <br> v. <br><br> DOUG DRETKE, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-04-2274 |

OPINION ON DISMISSAL

Petitioner Gary Dwaine Spier, a state inmate in custody of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge a state court felony conviction. (Docket Entry No.1). Respondent has filed a motion for summary judgment (Docket Entry No.14) and petitioner has filed a response to the motion. (Docket Entry No.20). Because petitioner has failed to exhaust his state court remedies, the Court will grant respondent's motion for summary judgment and dismiss this action.

Background

Petitioner entered a plea of *nolo contendere* to a felony charge of sexual assault of a child in cause number 10513 in the 9th District Court of Waller County, Texas. On January 22, 2002, the state district court placed petitioner on deferred adjudication probation for six years. Petitioner's deferred adjudication probation was revoked on December 5, 2002, and his guilt adjudicated. Enhanced by two prior convictions, petitioner was sentenced to fifteen years confinement in TDCJ-CID. (Docket Entries No.1, No.5, No.14). Petitioner did not appeal the deferred adjudication probation, the revocation of the probation, or his conviction.

Petitioner filed a state application for writ of habeas corpus in the state district court on May 8, 2003. Instead of forwarding the state habeas application to the Texas Court of Criminal Appeals, the state district court sent the application to an intermediary court of appeals, which dismissed it on September 11, 2003, for want of jurisdiction. On September 18, 2003, petitioner submitted a "Motion to Retract Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07" to the Texas Court of Criminal Appeals. (Docket Entry No.15, Part 3). Petitioner sought withdrawal of the petition because of "Rule 60(b)(1) Mistake." (*Id.*). On September 19, 2003, the state district court received a copy of the state intermediary appellate court's memorandum opinion dismissing the state habeas application and filed it away without "really looking at it and determining the reason for the dismissal was because it was filed in the wrong court." (Docket Entry No.15, Part 1). On September 23, 2003, petitioner's Motion to Retract was "received" in the Texas Court of Criminal Appeals. (Docket Entry No.15, Part 3). A month later, in late October of 2003, the state district court submitted petitioner's state habeas application to the Texas Court of Criminal Appeals and notified petitioner of the error. (*Id.*). The Texas Court of Criminal Appeals denied the state habeas application on November 12, 2003, without written order. (*Id.*, *Ex parte Spier*, Application No.57,453-01 at cover). The Texas Court of Criminal Appeals reconsidered petitioner's state habeas application on its own motion and dismissed it on January 21, 2004. (Docket Entry No.15, Part 3, *Ex parte Spier*, Application No.57,453-01 at cover).

Petitioner filed this habeas action in June of 2004. He seeks relief on the following grounds:

1. He was denied the effective assistance of counsel;

2. He entered an involuntary plea; and

3. He is actually innocent of the crime for which he was convicted.

2

(Docket Entries No.1, No.2).

Respondent does not address any of petitioner's claims on the merits, but moves for summary judgment on the ground that petitioner's habeas petition is barred by the governing statute of limitations. (Docket Entry No.15). Respondent also contends that petitioner has failed to exhaust his state court remedies and reserves the right to argue the issue. He maintains that limitations is a threshold issue which precludes consideration of the exhaustion issue and the merits of the case. (*Id.*). Nevertheless, the Court will dismiss the petition because petitioner has failed to exhaust his state court remedies.

## Discussion

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of

3

federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Those statutes provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court.  *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  Generally, exhaustion in Texas may take one of two paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals.  *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.

1999); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). A claim is exhausted when a habeas petitioner provides the highest state court with a "'fair opportunity to pass upon the claim,' which in turn requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Mercadel*, 179 F.3d at 275 (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)). "In Texas writ jurisprudence, usually a denial of relief rather than a 'dismissal' of the claim by the Court of Criminal Appeals disposes of the merits of a claim." *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (citing *Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir.1998); *Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). A dismissal, on the other hand, means the court declined to consider the claim for reasons unrelated to the claim's merit. *Ex parte Torres*, 943 S.W.2d at 472.

In this case, petitioner filed his state habeas application in state district court. Within a few months of filing, he sought dismissal of the application in the Texas Court of Criminal Appeals. Due to an error in the state district court, petitioner's habeas application was not filed in the Court of Criminal Appeals until a month after petitioner's Motion to Retract had been "received" in the Texas Court of Criminal Appeals. Petitioner's Motion to Retract was not considered by the Texas Court of Criminal Appeals upon its receipt, presumably because no state writ application had been filed in that court at that time. Although the Texas Court of Criminal Appeals disposed of the merits of petitioner's state habeas application when it denied relief in November of 2003, the disposition evaporated in January of 2004, when the Texas Court of Criminal Appeals reconsidered petitioner's habeas application in light of his Motion to Retract and dismissed the petition. By seeking and obtaining a dismissal of his state habeas application, petitioner placed himself in the "situation as if the state habeas application had never been filed." *See Long v. Board of Pardons and Paroles of Texas*, 725 F.2d 306, 307 (5th Cir. 1984) (quoting Wright & Miller, Federal Practice and Procedure, § 2367 at p. 186 (1971)). Because petitioner did not file a direct appeal and the dismissal of his state

5

habeas application placed him in the position of never having filed a state habeas application, he failed to exhaust his state court remedies before he filed the pending petition. It follows that he has presented unexhausted claims in this Court and, as such, his petition is subject to dismissal under 28 U.S.C. § 2254.

Petitioner, however, claims his Motion to Retract was not a voluntary motion for dismissal but a means to prevent his state habeas application from being processed in the wrong court. (Docket Entry No.20). Petitioner claims that he was misled by the clerk of the state district court who filed his state habeas in an intermediary court of appeals, and he was so confused that he sent the Motion to Retract to the United States District Court for the Western District of Texas, Austin Division in September of 2003 instead of the Texas Court of Criminal Appeals. (*Id.*). On December 22, 2003, he received notice that his Motion to Retract had been received by the Texas Court of Criminal Appeals, approximately forty days after the state habeas application had been denied without written order by the same court. (*Id.*). Petitioner thought the motion was void, given the Court of Criminal Appeals's disposition of his state habeas application in November. Petitioner claims he never received notice of the January 2004, dismissal order. (*Id.*).

Petitioner's claim that the Motion to Retract was not a voluntary motion for dismissal is not supported by the record and affords him no relief from the exhaustion requirement. Petitioner's exhibits show that he received notice from the state's intermediary court of appeals that a notice of appeal had been filed on July 1, 2003, but a post-judgment motion had not been filed. (*Id.*, Exhibit 2). He does not indicate, and his exhibits do not show, that he was aware that the state district court had misfiled his state habeas application in the wrong appellate court until he received notice from the state district court in October of 2003, a month after he submitted the Motion to Retract to the Court of Criminal Appeals. Moreover, the Motion to Retract does not mention that the state habeas application had been processed in the wrong court or that he was filing the motion to prevent

6

disposition by the wrong court. Although petitioner misstated the name of the court in the heading of the Motion to Retract, there is no indication on the document that he filed it in the United States District Court for the Western District of Texas, Austin Division. Petitioner signed the Motion to Retract on September 18, 2003, and the motion was file-stamped "received" in the Texas Court of Criminal Appeals on September 23, 2003. (*Id.*). Finally, petitioner took no action on the Motion to Retract after receiving notice in December of 2003, that the Texas Court of Criminal Appeals had received it. Petitioner fails to explain why the Texas Court of Criminal Appeals would inform him of the receipt of such motion if the motion were, in fact, void.

Because petitioner failed to exhaust his state court remedies, the pending petition is subject to dismissal.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also*

*Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

## Conclusion

For these reasons, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.14) is GRANTED.

2. The petition is DISMISSED WITHOUT PREJUDICE, for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

3. A certificate of appealability is DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas on this 5th day of July, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

8